IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | CASE NO. 8:11CV433 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| LUIS, MAYO, and U.S. MARSHALL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on December 15, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against United States Marshals Luis and Mayo on December 15, 2011. (Filing No. 1.) Plaintiff's Complaint is difficult to decipher. As best as the court can tell, Plaintiff alleges that he is "barred" from the federal courthouse. (*Id.* at CM/ECF p. 5.) Plaintiff mentions that he unsuccessfully pursued an administrative Federal Torts Claims Act ("FTCA") claim against Defendants six months ago. (*Id.* at CM/ECF p. 3.) Plaintiff requests monetary damages in the amount of $100,000,000 and access to the courthouse. (*Id.* at CM/ECF pp. 1, 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state

a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III. DISCUSSION OF CLAIMS

As discussed above, Plaintiff's Complaint is very difficult to decipher. As best as the court can tell, Plaintiff alleges that he is "barred" from the federal courthouse. (Filing No. 1 at CM/ECF p. 5.) If Plaintiff is "barred" from the courthouse, he fails to explain the circumstances surrounding such a bar. Indeed, this bar may be the result of a court order. (*See, e.g.,* Case No. 8:09CR457, Filing No. 845.) The Supreme Court has noted: "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991),(citations omitted). "These

powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id*. (citations omitted). Moreover, "[i]t is the primary role and mission of the United States Marshals Service to provide for the security and to obey, execute, and enforce all orders of the United States District Courts, the United States Courts of Appeals, the Court of International Trade, and the United States Tax Court, as provided by law." 28 U.S.C. § 566(a).

Plaintiff also mentions that he unsuccessfully pursued an administrative FTCA claim against Defendants six months ago. (*Id*. at CM/ECF p. 3.) To the extent that Plaintiff is alleging an FTCA claim for a violation of his constitutional rights, his Complaint must be dismissed. *See* 28 U.S.C. § 2679(b), (providing that the FTCA "does not extend or apply to a civil action against an employee of the Government— (A) which is brought for a violation of the Constitution of the United States, or (B) which is brought for a violation of a statute of the United States . . .").

In short, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. These new allegations should include all dates that Plaintiff was not permitted to enter the courthouse and the reasons that he was denied entry. To the extent that Plaintiff is barred as a result of a court order, Plaintiff should explain the circumstances that led to the issuance of such an order. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **March 5, 2012,** to amend his Complaint to clearly state a claim upon which relief may be granted, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's current Complaint (Filing No. 1) will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims; and

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **March 5, 2012**; dismiss if not filed.

DATED this 7th day of February, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.